**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cassie D. Brittman, an individual, ) | No. CV-08-1584-PHX-DGC |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| United Student Aid Funds, Inc., et al. ) | |
| Defendants. ) | |

On October 9, 2008, the Court issued an order setting a Rule 16 case management conference. Dkt. #10. The order required the parties to meet and confer about a litigation schedule and to file a proposed case management plan in advance of the case management conference, which was scheduled for November 20, 2008. The order further required that Plaintiff initiate communications about the preparation of a case management plan. *Id*.

On November 14, 2008, Defendants filed a Proposed Case Management Plan. Dkt. #12. The plan explained that Defendants had attempted to communicate with Plaintiff on two occasions, through certified mail and hand delivery, but had received no response. Plaintiff did not initiate communications concerning the case management plan, nor did she respond to Defendants' attempts to confer concerning the plan. The case management conference was held as scheduled on November 20, 2008. Counsel for Defendants appeared, but Plaintiff did not appear.

The Court's Case Management Order directed Plaintiff to file an amended complaint by January 16, 2009, and to produce an initial disclosure statement by February 13, 2009.

Dkt. #18.  Plaintiff missed both deadlines.  Defendants have filed a motion to dismiss, noting that Plaintiff failed to respond to two letters concerning her failure to obey the Court's order. Dkt. #23.

As a result of Plaintiff's failure to prosecute this action, the Court issued an Order to Show Cause which required Plaintiff to appear on April 30, 2009, and show cause why this case should not be dismissed.  The order warned that "[i]f Plaintiff fails to appear at the hearing, this case will be dismissed."  Dkt. # 24.  The order was mailed to both of the addresses Plaintiff has provided to the Court.  Plaintiff did not appear at the hearing.

Because Plaintiff had previously asserted that she had been out of the Country on active military duty during a portion of this case, the Court directed defense counsel to confirm that she is not currently on active military duty.  Defense counsel has now filed an affidavit attaching a certificate from the United States Department of Defense Manpower Data Center.  Dkt. #25.  The certificate states that the Department has no information suggesting that Plaintiff is on active military duty at this time.

The Ninth Circuit has developed "a five-part 'test' to determine whether a dismissal sanction is just:  '(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"  *Valley Engineers, Inc. v. Electric Engineering Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)); *see also Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Factor 5 "involves consideration of three subparts:  whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal."  *Valley Engineers*, 158 F.3d at 1057.

Considering this five-factor test, the Court concludes that dismissal is an appropriate sanction in this case.  The public's interest in expeditious resolution of litigation and the Court's need to manage its docket require action when a plaintiff refuses to prosecute a case. In addition, Defendants will be subject to prejudice if a sanction of dismissal is not imposed.

Defendants are unable to move forward with their defense of this case, to obtain relevant discovery, or even to engage in settlement discussions. Dkt. # 28. Finally, the Court has considered less drastic sanctions, but none is apparent. The Court has given Plaintiff several opportunities to comply with its orders, and has explained to her in person that she was obligated to comply. Dkt. #16. And yet Plaintiff will not communicate with defense counsel, will not provide needed discovery, and refuses to appear at court hearings. Plaintiff was warned that her failure to appear would result in dismissal. Dkt. #24. The only possible resolution of this problem is to dismiss Plaintiff's case.

**IT IS ORDERED:**

1. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this case is **dismissed**.

2. The Clerk shall **terminate** this action.

DATED this 5th day of May, 2009.

_____
David G. Campbell
United States District Judge

cc: Cassie Brittman
1025 N. 2nd Avenue, No. 128B
Phoenix, Arizona  85003

Cassie Brittman
3601 E. McDowell Rd., No. 3143
Phoenix, AZ   85008